Ronald Jackson #41283-298
Name and Prisoner Number/Alien Registration Number

USP-Tucson
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson, Az. 85734
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
FILED ____   ____ LODGED
____ RECEIVED ____ COPY

    OCT 2 3 2017

   CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY _____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Ronald Jackson
(Full Name of Petitioner)

Petitioner,

vs.

Warden Shartle
(Name of Warden, Jailor or authorized person
having custody of Petitioner)

Respondent.

CASE NO. CV 17-0526 TUCJASBPV
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1. What are you challenging in this petition?
   - ☐ Immigration detention
   - ☑ Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐ Probation, parole or supervised release
   - ☐ Other (explain): _____

2. (a) Name and location of the agency or court that made the decision you are challenging: Disciplinary Hearing Officer C.D. Cole - USP Tucson

   (b) Case or opinion number: 2899398

   (c) Decision made by the agency or court: Loss of Good Conduct Time 41 days; 30 days segregation; 90 day loss of commisary.

Revised 3/9/07

1

**530**

(d) Date of the decision: _11-4-2016_

3. Did you appeal the decision to a higher agency or court?   Yes ☑   No ☐

If yes, answer the following:

(a) First appeal:

   (1) Name of the agency or court: _FBOP- Western Regional Office_

   (2) Date you filed: _3-3-17_

   (3) Opinion or case number: _882573-R1_

   (4) Result: _denied_

   (5) Date of result: _3-3-17_

   (6) Issues raised: _Contraband not handled properly_

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

   (1) Name of the agency or court: _FBOP- Central Office_

   (2) Date you filed: _5-5-2017_

   (3) Opinion or case number: _882573-A1_

   (4) Result: _denied_

   (5) Date of result: _8-29-2017_

   (6) Issues raised: _Contraband not handled properly_

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:

   (1) Name of the agency or court: _____

   (2) Date you filed: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.   If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

5.   Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☑

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.   For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE:** Violation of Minimal Due Process

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

The Federal Bureau of Prisons at USP-Tucson improperly found me guilty of an Offense Code 113 on November 4, 2016, based on a Disciplinary Hearing Officer Cole (DHO) finding that NIK Test of a brown piece of paper testing positive for Amphetamines done by SIS Tech Walker. (See, Section V. of DHO report page 2 hereto attached) I was sanctioned under Section VI. to; Disallowance of Good Conduct Time :41 days; Disciplinary Segregation;30 days; Loss Commisary Priveledges: 90 days/3 months.

On pg. 3 of the DHO Report Section VII Reason For Sanction Or Action Taken in the Very First paragraph, First sentence, the DHO states that I possessed alcohol.

I did not possess alcohol, nor did I possess Amphetamines either, and it is a clear example of the violation of minimal due process, as I did not possess Alcohol or Amphetamines, for if I was found guilty on physical evidence of a NIK test kit A and U testing positive for Amphetamines, how can the Reason for my Sanctions being possession of alcohol twice stated in the First paragraph of Section VII. pg 3.

Had the brown piece of paper been properly tested and sent out to the outside lab it would have clarified it was neither Amphetamine or Alcohol (The Alcohol Finding was never established by any testing or statements by SIS Tech Walker, which is a minimal due process violation, as there has to be some minimal standing for the Alcohol Finding in the Sanction Reasons).

(b) Did you exhaust all available administrative remedies relating to Ground One?   Yes ☑   No ☐

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☑ Other: FBOP-Central Office

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

**GROUND TWO:** _____ N/A

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Two?      Yes ☐    No ☐

    (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____
_____
_____
_____
_____
_____

**GROUND THREE:** _____ N/A _____

_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?      Yes ☐     No ☐

(c)  If yes, did you present the issue to:
       ☐  The Board of Immigration Appeals
       ☐  The Office of General Counsel
       ☐  The Parole Commission
       ☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____
_____
_____
_____
_____

**GROUND FOUR:** _____ *N/A* _____

_____
_____
_____
_____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you exhaust all available administrative remedies relating to Ground Four?     Yes ☐     No ☐

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____
_____
_____
_____
_____
_____

7

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?     Yes ☐     No ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.   Petitioner asks that the Court grant the following relief: _I'd like my 41 days Good Conduct Credit back, and the incident report # 2899398 expunged from my records._

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _10 / 17 / 2017_ (month, day, year).

_Ronald J. [signature]_
**Signature of Petitioner**

_NONE_

_____          _____
Signature of attorney, if any                          Date

DOI-287



# INMATE COPY

BP-A0304          **DISCIPLINE HEARING OFFICER REPORT**   CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: USP Tucson | Incident Report Number: 2899398 |
| NAME OF INMATE: JACKSON, RONALD | REG.NO.: 41283-298      UNIT: D-1 |
| Date of Incident Report: 09/23/2016 @ 9:00 P.M. | Offense Code: 113 |

Date of Incident: 09/23/2016 @ 8:00 P.M.

Summary of Charges:
Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff.

I.   NOTICE OF CHARGE(S)

   A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)
   09/24/2016      at (time) 7:58 AM      (by staff member) J. LAWSON, LIEUTENANT

   B. The DHO Hearing was held on (date) 10/12/2016      at (time) 9:33 AM

   C. The inmate was advised of the rights before the DHO by (staff member):
   L. COLLYEAR, CASE MANAGER
   on (date) 09/27/2016      and a copy of the advisement of rights form is attached.

II.   STAFF REPRESENTATIVE

   A. Inmate waived right to staff representative.   Yes  ✓   No

   B. Inmate requested staff representative and N/A                     appeared.

   C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
   N/A

   D. Staff representative N/A                     was appointed.

III.   PRESENTATION OF EVIDENCE

   A. Inmate neither admits or denies the charge(s).

   B. Summary of Inmate Statement:
   Inmate JACKSON stated he received a copy of the incident report. Inmate JACKSON was read his rights by the DHO and stated that he received his rights by the UDC and understood his rights. Inmate JACKSON indicated he was ready to proceed with the hearing.

   Inmate JACKSON made the following statement to the investigating Lieutenant: "I don't deal with amphetamines."
   Inmate JACKSON made the following statement to the UDC: "Its coffee on a piece of paper towel. Can you send it to the lab? It's not my celly's."
   Inmate JACKSON made the following statement to the DHO: "Not my celly's it was mine. I recently went through a personal issue with my kids. I'm willing to take responsibility."

   C. Witnesses:
   1. The inmate requested witnesses.   Yes      No  ✓

   2. The following persons were called as witness at this hearing and appeared:
   N/A

   3. A summary of the testimony of each witness is attached: N/A

   4. The following persons requested were not called for the reason(s) given:
   N/A

   5. Unavailable witnesses were requested to submit written statements and those statements received were considered  N/A            .

| | | | |
|---|---|---|---|
| JACKSON, RONALD | 41283-298 | 2899398 | 10/12/2016 |



D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: Evidence Photograph; Staff Memorandum

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because  N/A

IV.   FINDINGS OF THE DHO

✓  A. The act was committed as charged.

B. The following act was committed:

C. No prohibited act was committed:

Expunge according to Inmate
discipline PS.

V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds on September 23, 2016 at 8:00 p.m., Jackson, Ronald, Register Number 41283-298, committed the prohibited act(s) of Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff, Code(s) 113. To make this finding the DHO relied on the following:

The reporting officer's written account that on September 23, 2016 at approximately 8:00 p.m., I Officer J. Cordero while conducting a search of cell #207 located in D-1 housing unit, I discovered two brown paper type strips saturated with an unknown substance in the common area accessible to both inmates Jackson, Ronald #41283-298 and Drum, Albert #87747-020. The brown paper was tested by SIS tech Walker with NIK test kits A and U with a positive result for Amphetamines.

DHO FINDINGS:

The DHO spoke with you via the telephone on 10-12-2016 at 9:33 a.m., in the USP Tucson Special Housing Unit. At that time, you stated you were ready to proceed. You did not request a staff representative or witnesses to assist you in preparing your defense. You stated that you understood your rights before the DHO. You stated you received your copy of the incident report. You have been afforded due process and have had ample time to prepare a defense prior to the discipline hearing.

It is the decision of the DHO that you committed the prohibited act of code 113, possession of any narcotic, or drug paraphernalia. This decision is based on the statement of the reporting officer and the evidence contained in the discipline packet . You appeared before the DHO and stated it was not your celly's. Inmate JACKSON admitted that it was his. Inmate JACKSON stated he recently went through a personal issue with his kids. Inmate JACKSON stated he is willing to take responsibility. The DHO considered this statement made by you to be an admission of guilt on your part and a mitigating factor.

Also submitted by staff to the DHO for consideration were supporting photograph of the contraband recovered from the cell and staff memorandums corroborating the incident report.

Upon your commitment to any Bureau of Prisons facility, you participate in the institution's Admission and Orientation (A&O) program wherein you are advised of Bureau of Prisons (BOP) rules and regulations and your responsibility to abide by these rules. Your acknowledgment of the rules and regulations is verified by your signature on form BP-S518.052, which is maintained in Section 3 of your central file. You were also provided an A&O handbook upon your entry into this facility which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

Based on the weight of the evidence, the DHO finds inmate JACKSON, RONALD, REGISTER NUMBER 41283-298, committed the prohibited act(s) of Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff, Code(s) 113.

VI.   SANCTION OR ACTION TAKEN
113
Disallowance of Good Conduct Time: 41 days
Disciplinary Segregation: 30 days (Suspended pending 120 days of clear institutional conduct)
Loss Commissary Privileges: 90 days/3 months


VII.   REASON FOR SANCTION OR ACTION TAKEN
The action/behavior on the part of any inmate to possess alcohol poses a serious threat to the health, safety, and welfare of not only the inmate involved, but all other inmates and staff alike. This sort of illicit item can be used to trade or barter with amongst inmates, and is often the reason for inmates incurring debts to other inmates. Those who use alcohol have become violent toward others, and this behavior cannot be tolerated.

Disciplinary segregation was imposed due to the severity of your offense. It is apparent that your adjustment in population has been poor up to this point. Hopefully, this sanction will influence your future decisions to commit offenses such as these.

Good conduct time was disallowed because of the severity of the offense and to deter this activity in the future. It is apparent your conduct reflects poor institution adjustment and does not warrant the same consideration for good conduct time as those inmates following the rules and regulations of the bureau of prisons. This is also a mandatory sanction for inmates sentenced under PLRA.

These sanctions have been imposed to correct the present inappropriate behavior and deter future behavior of this type. The DHO hopes that the sanctions will motivate you towards more self-discipline in the future.

PLRA exemplary compliance requires the DHO disallow good conduct time.

VIII.  APPEAL RIGHTS:           The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action.  The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| C.D. COLE, Disciplinary Hearing Officer | | 11-4-16 |

Delivered to Inmate: JACKSON, RONALD, REGISTER NUMBER 41283-298

Federal Bureau of Prisons
Western Regional Office
Attn: Administrative Remedy
7338 Shoreline Drive
Stockton, CA 95219

DELIVERED BY
Mack
NOV - 8 2016